# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § | |
| **vs.** | § § § | **CAUSE NO. 4:06-cr-136** |
| **DAVID CARL HARVEY** | § § | |

## MOTION AND BRIEF FOR LIST OF WITNESSES

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION:

COMES NOW, DAVID CARL HARVEY, the Defendant by his attorney in the above captioned and entitled cause, and makes this Motion and Brief For List Of Witnesses and respectfully moves this Court for an order requiring the Government to provide the defendant with a list of witnesses, said list to include the following:

1. A list of the name and address of each and every person who was interviewed by the Government as a prospective, possible or potential witness for the trial of the above-captioned matter.

2. A list of the name and address of each and every person who was interviewed by the Government in the course of its investigation into the above-captioned matter who the Government does not intend to call as witness in its case-in-chief at trial.

3. A list of the name and address of each and every expert who the Government intends to call as a witness in the presentation of its case-in-chief in the trial of the above-captioned matter.

4. A list of each and every person who was interviewed by the Government in the course of its investigation into the background, habits, activities, and whereabouts of the Defendant, regardless of whether or not the person was an informant.

5. A statement as to whether or not any informant was used in the investigation or preparation of the above captioned matter, and if so, a list of the names and addresses of each informant used in the investigation of the above-captioned matter.

## ARGUMENTS AND AUTHORITIES

6. The general discretion of district courts to compel the government to identify its

**MOTION AND BRIEF FOR LIST OF WITNESSES - Page 1**

witnesses is widely acknowledged. United States v. Cannone, 528 F.2d 296 (2d Cir. 1975); United States v. Jackson, 508 F.2d 1001 (7th Cir. 1975); United States v. Anderson, 481 F.2d 685 (4th Cir. 1973); United States v. Jordan, 466 F.2d 99 (4th Cir. 1972), cert. denied, 409 U.S. 1129 (l973); United States v. Moseley, 450 F.2d 506 (5th Cir. 1971), cert. denied, 405 U.S. 975 (1972); Downing v. United States, 348 F.2d 594 (5th Cir. 1965).

7. Obtaining a list of Government witnesses is an important device which should be available to the defense. Section 2.1 (a)(I), ABA Standards, Discovery and Procedure Before Trial. The purpose of allowing judicial discretion to require the government to produce a witness list is to enable defense counsel to adequately prepare a defense by interviewing witnesses. United States v. Germain, 411 F. Supp. 719 (D.C. Ohio 1975). In light of this concern, the courts repeatedly have affirmed the right of defense counsel to conduct pretrial interviews of Government witnesses without Government interference. United States v. Brown, 555 F.2d 407, 425 (5th Cir. 1977), cert. denied, 435 U.S. 904 (1978); United States v. Long, 449 F.2d 288, 295 (8th Cir.), cert denied, 405 U.S. 974 (1971); United States v. Vale, 435 F.2d 774, 778 (7th Cir. 1970). Out-of-court investigations and interviews, which may be essential to effective use of the right of confrontation, cannot be conducted unless witnesses' names are supplied sufficiently in advance of trial. See United States v. Opager, 589 F.2d 799, 804 (5th Cir. 1979).

8. The Court is further urged to direct the Government to provide the information sought concerning the use of informants so counsel can satisfy his burden under Roviaro v. United States, 353 U.S. 53 (1957).

9. In the instant case, pretrial identification of Government witnesses will eliminate unnecessary delays that are typically caused by the inability of defense counsel to adequately prepare for the presentation of evidence or the cross-examination of witnesses called by the Government.

10. The Defendant is well aware of the local rule which provides that the Government shall produce a witness list for the Defendant at least three (3) days prior to trial. Defendant is further aware of this Court's requirement that the production of a witness list must be at least three (3)

working days prior to trial. Defendant would show that such 72 hour period does not allow sufficient time to properly review, interview, prepare, locate, question, and coordinate information received from the Government witnesses should the same decide to be available to the Defendant for interview. In addition, said rule fails to provide sufficient time to petition this Court in a manner consistent with the pre-trial orders of this Court should the Government witnesses made known to the Defendant choose to refuse any contact with the Defendant and the Defendant be required thereby to seek depositions or other court ordered discovery to determine the nature and extent of the knowledge of said witnesses and the nature of their testimony.

WHEREFORE, PREMISES CONSIDERED the Defendant, DAVID CARL HARVEY, prays that this Court grant this Motion and respectfully requests that this Court order the Government to produce the witness lists herein requested at least ten (10) days prior to trial, and for such other and further relief to which the Defendant may show himself justly entitled.

    Respectfully submitted,

By:    /s/ Neil L. Durrance
     NEIL L. DURRANCE
     Attorney for Defendant
     Texas Bar No. 06287550
     1108 North Locust
     Denton, Texas 76201
     Telephone (940) 898-1975
     Facsimile (940) 381-2036

## CERTIFICATE OF CONFERENCE

I hereby certify that on the 21ST day of June, 2006, I attempted a conference with Terri Hagan to discuss this motion. She could not be reached and an agreement could not be reached. I did not have an opportunity to discuss this motion with other co-counsels.

    /s/ Neil L. Durrance
    Neil L. Durrance
    Attorney for Defendant

## CERTIFICATE OF SERVICE

A true copy of the foregoing has this 21st day of June, 2006, been transmitted to opposing counsel, Terri Hagan by telephonic document transfer.

/s/ Neil L. Durrance
Neil L. Durrance
Attorney for Defendant